**Arturo GONZALEZ CURIEL; et al., Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72105.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 23, 2010.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Arturo Gonzalez Curiel, Las Vegas, NV, pro se.

Diana Elizabeth Gonzalez Chavez, Las Vegas, NV, pro se.

Victor Arturo Gonzalez Chavez, Las Vegas, NV, pro se.

Eduardo Gonzalez Chavez, Las Vegas, NV, pro se.

Maria Del Consuelo Chavez De Gonzalez, Las Vegas, NV, pro se.

Francis William Fraser, I, Esquire, Senior Litigation Counsel, Stacy Stiffel Paddack, Daniel Shieh, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Arturo Gonzalez Curiel, his wife, and three of their children, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying Gonzalez Curiel's application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir.2008), and review de novo questions of law, including due process challenges, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Gonzalez Curiel knowingly and voluntarily accepted administrative voluntary departure in lieu of deportation proceedings where the Spanish-language administrative voluntary departure agreement reflected that Gonzalez Curiel had time to review the agreement before signing it. *See Gutierrez*, 521 F.3d at 1117–18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement). The agency therefore properly concluded that Gonzalez Curiel did not meet the continuous physical presence requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir.2003) (per curiam).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We reject petitioners' due process contention because the record reflects that the IJ provided them a "full and fair hearing" and a "reasonable opportunity to present evidence on [their] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

Petitioners' remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.